IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL BOWMAN, III,**

       **Plaintiff,**

   vs.                                     Civil Action 2:11-CV-601
                                                         Judge Watson
                                                         Magistrate Judge King

**CITY OF STEUBENVILLE,**
*et al.*,
       **Defendants.**

## ORDER AND
## REPORT AND RECOMMENDATION

     This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff, formerly a fireman for the defendant City, alleges that defendants violated plaintiff's rights to be free from unreasonable searches and seizures, to due process, to just compensation and to the equal protection of the law.  Plaintiff also asserts state law claims of false arrest, malicious prosecution, defamation and retaliation in violation of O.R.C. § 4112.99.  This matter is before the Court on plaintiff's *Motion for Extension of Time for Service of Process on Defendant James Marquis*, Doc. No. 11 ("*Motion for Extension*").

     Plaintiff filed this action on July 8, 2011.  *Complaint*, Doc. No. 1.  On September 20, 2011, the Clerk of this Court issued a summons for each defendant.  Doc. No. 3.  Service was later effected on all defendants except defendant James Marquis.  *Answer*, Doc. No. 4.  The original summons issued to defendant Marquis reflected an incorrect middle initial and address.  Doc. No. 3, p. 4; *Motion for Extension*, p. 1.

On December 8, 2011, the Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b). Following that conference, the Court issued an order granting plaintiff an extension of time, to December 31, 2011, in which to demonstrate service of process on defendant Marquis.  *Preliminary Pretrial Order*, Doc. No. 8, pp. 1-2.

On December 23, 2011, plaintiff requested that the Clerk issue a supplemental summons for service on defendant Marquis, addressed to his attention at the Steubenville Police Department.  Doc. No. 9, p. 2.  On December 27, 2011, the summons was issued.  Doc. No. 10.

On December 31, 2011, plaintiff filed the *Motion for Extension*, seeking an additional twenty-eight (28) days in which to effect service of process on this defendant.  *Motion for Extension*, p. 2. Defendants oppose the requested extension and move to dismiss the claims against defendant Marquis for failure to timely effect service of process.  *Opposition to Motion for Extension of Time For Service of Process on Defendant James Marquis and Defendant James Marquis' Motion to Dismiss*, Doc. No. 12 ("*Memo. in Opp.*").

On January 18, 2012, plaintiff filed an affidavit of service ("the affidavit"), demonstrating that he had obtained personal service on defendant Marquis on January 1, 2012.  Doc. No. 13, p. 1.  The affidavit also attaches a certified mail return receipt showing that plaintiff delivered certified mail addressed to defendant Marquis at the Steubenville Police Department on December 31, 2011.  *Id*. at 2-3. The return receipt card is addressed to plaintiff's counsel.  *Id*. at 3.  After plaintiff filed the affidavit, defendant Marquis filed a motion to dismiss the claims against him, reiterating arguments raised

in the *Memo. in Opp.* and attacking the affidavit as untimely. *Defendant James Marquis' Motion to Dismiss*, Doc. No. 14 ("*Motion to Dismiss*"). Defendant Marquis also contends that certified mail service by plaintiff's counsel at the Steubenville Police Department was deficient because defendant Marquis was on vacation at the time. *Id*. at 3-4. Therefore, defendant Marquis contends, such service "is not proper and should not be considered timely." *Id*. Under the Federal Rules of Civil Procedure, service of process may be made in accordance with state law. Fed. R. Civ. P. 4(e)(1). The Ohio rules governing service of process by certified mail, Ohio R. Civ. P. 4.1(A), require that service by certified mail be made -- not by the litigant -- but by the Clerk. *Id*. Service by certified mail in this Court is governed by S.D. Ohio Civ. R. 4.2, which also contemplates service of process by the Clerk of this Court. S.D. Ohio Civ. R. 4.2. Here, plaintiff's counsel, not the Clerk, attempted service by certified mail. Doc. No. 13, p. 3. Accordingly, plaintiff's attempted service of process by certified mail complied with neither Ohio law nor the rules of this Court. That service was therefore insufficient to bring defendant Marquis before this Court.

Plaintiff has also submitted evidence that he obtained personal service on defendant Marquis on January 1, 2012, one day after the December 31, 2011 deadline established by this Court. Doc. No. 13, p. 1; *Preliminary Pretrial Order*, pp. 1-2. Rule 4(c) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with both a summons and the complaint within the time permitted under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that a plaintiff must serve each defendant within 120 days of the filing of

3

the complaint.  If such service is not made, the rule provides that the Court

> must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Determining good cause is left to the discretion of the district court.  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

    In this case, plaintiff represents that he attempted to serve defendant Marquis at the Steubenville Police Department on December 31, 2011 and personally served defendant Marquis at his home on January 1, 2012.  *Motion for Extension*, p. 1.  Although this Court agrees with defendants that plaintiff could have been more diligent in obtaining service of process on defendant Marquis, the Court nevertheless notes that plaintiff did attempt to obtain service prior to the December 31, 2011 deadline and did obtain personal service only one day after that deadline.  Under these circumstances, the Court concludes that plaintiff has established good cause and that the Court's discretion is better exercised by the grant of a one-day extension.  *Cf*. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (expressing, in a different procedural context, a "strong preference" for cases to be decided on their merits); *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003) (exercising discretion to extend the 120-day period for plaintiffs to effect service of process even absent a finding of good cause).

**WHEREUPON**, plaintiff's *Motion for Extension of Time for Service of Process on Defendant James Marquis*, Doc. No. 11, is **GRANTED**.  The Court grants plaintiff an extension of time in which to serve defendant Marquis, effective January 1, 2012, the date that defendant Marquis was personally served with process.

In light of the grant of plaintiff's motion for an extension of time, it is **RECOMMENDED** that the *Opposition to Motion for Extension of Time For Service of Process on Defendant James Marquis and Defendant James Marquis' Motion to Dismiss*, Doc. No. 12, and *Defendant James Marquis' Motion to Dismiss*, Doc. No. 14, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5

<u>March 7, 2012</u>                             <u>          *s/Norah McCann King*          </u>
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge